UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  26-22119-CIV-SINGHAL

YORDANY GONZALEZ,

     Petitioner,

v.

WARDEN OF KROME SPC, in his/her
official capacity, U.S. Department of
Homeland Security, *et al*.,

     Respondents.

_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "**Petition**").  (DE [1]).  Petitioner is an alien who has been detained by Immigration and Customs Enforcement.  (DE [1] at 1–2).  While the Court is sympathetic to Petitioner, his Petition is unfortunately difficult to understand because it does not well describe the circumstances of his confinement or the legal arguments supporting same.  *See generally* (DE [1]).  For example, Petitioner cites various constitutional provisions, statutes, and cases for various propositions, but does not explain how those provisions and cases apply to him.  *See* (DE [1] at 6–7).  Lack of clarity notwithstanding, the Court discerns the following argument: Because Petitioner is not a flight risk, a danger to the community, likely to be determined removable, or subject to 8 U.S.C. § 1225(b)(2), his detention violates the Immigration and Nationality Act and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), among other things.  *See* (DE [1] at 6).  Petitioner seeks immediate release "without or with bond."  *See*

(DE [1] at 7).  For the reasons stated below, the Court **DENIES** the Petition **WITHOUT PREJUDICE**.

Section 2243 authorizes courts to deny legally insufficient petitions for habeas corpus without ordering responsive briefing.  *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or . . . direct[] the respondent to show cause why the writ should not be granted, ***unless*** it appears from the application that the applicant . . . is not entitled thereto."); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994))).

Petitioner is correct that *Zadvydas* stands for the proposition that the Fifth Amendment prohibits the government from indefinitely detaining aliens who appear to not be removable.  *See Zadvydas*, 533 U.S. at 690–96.  It also discusses the government's legitimate interests in combating flight risk and community danger, but does not limit the government's legitimate interests to those objectives.  *See id.* at 690.  And, as this Court has recently noted, the Supreme Court's subsequent decision in *Demore v. Kim*, 538 U.S. 510 (2003), indicates that alien detainees are not entitled to individualized bond hearings to determine flight risk, at least for the first six months pending removal.  *See Morales v. Noem*, --- F. Supp. 3d ---, 2026 WL 236307, at *9 (S.D. Fla. Jan. 29, 2026); *Azcona-Quintero v. Swain*, No. 26-60079-CIV-SINGHAL, Dkt. No. 8 (S.D. Fla. Feb. 12, 2026); *Factor Flores v. Field Office Dir.*, No. 26-60448-CIV-SINGHAL, Dkt. No. 4 (S.D. Fla. Feb. 20, 2026).

Critically, Petitioner fails to set forth a factual basis that could support a finding that he is not a flight risk, a danger to the community, has been detained so long that principles of due process require his release, that he is not likely removable , or that he is improperly detained under section 1225(b)(2).  Lacking supporting facts, the Petition is insufficient on its face.  Moreover, even if the government incorrectly detains Petitioner under section 1225(b)(2) and he should instead be detained under section 1226, it is unclear why he would be entitled to immediate release rather than a bond hearing.  Consequently, while the Court denies the Petition, it does so without prejudice so that Petitioner may attempt to make the necessary factual showing and/or clarify his arguments in an amended petition.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED WITHOUT PREJUDICE**.  Should Petitioner wish to file an amended petition, he must do so by **April 22, 2026**.  Otherwise, the Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** all pending motions except Petitioner's pending Application to Proceed in District Court Without Prepaying Fees or Costs (DE [3]).

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 1st day of April 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF